```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Kathleen A. Sousa**

    **v.**                                       Case No. 05-cv-421-PB

**TD Banknorth Ins. Agency,
Inc. and TD Banknorth, Inc.**


                         **MEMORANDUM AND ORDER**

    Kathleen A. Sousa claims that her former employer, TD Banknorth Insurance Agency, Inc.[1] ("Banknorth Insurance") harassed her and discriminated against her based on her gender. Before me are Banknorth Insurance's motion for transfer of venue (Doc. No. 7) and its motion to dismiss (Doc. No. 8). For the following reasons, I deny the motion for transfer and grant the motion to dismiss.[2]

---

[1] TD Banknorth, Inc., has filed a motion to dismiss (Doc. No. 9) to which Sousa has responded with a notice of non-objection (Doc. No. 12). Accordingly, TD Banknorth, Inc.'s motion to dismiss is granted.

[2] I have not relied on any of the submissions challenged by Banknorth Insurance's motion to strike (Doc. No. 20) in ruling on the other pending motions. Thus, the motion to strike is denied as moot.

I.   **FACTUAL BACKGROUND**

In October 1998, Sousa began working for A.D. Davis, Inc., an insurance agency located in North Conway. Compl. ¶ 7. After a series of acquisitions and name changes, A.D. Davis became Banknorth Insurance. Id. ¶¶ 8-9. Banknorth Insurance is a Maine corporation with its principal place of business in Portland, Maine. Def.'s Mot. for Transfer at 5. Sousa continued to work at the North Conway Banknorth Insurance office until August 2001, when she was transferred to the Springfield, Massachusetts Banknorth Insurance office. Id.; Compl. ¶ 10. Following her transfer, Sousa worked from her home in Amherst, as well as at the Springfield, Massachusetts and Methuen, Massachusetts Banknorth Insurance offices. Pl.'s Obj. to Mot. for Transfer at 2.

In July 2003, Banknorth Insurance hired Joseph Fico as the president of Banknorth Insurance's Massachusetts region. Compl. ¶ 13. Fico, who worked at the Springfield office, was Sousa's direct supervisor. Pl.'s Obj. to Mot. for Transfer at 3; Def.'s Motion for Transfer at 5. Sousa alleges that Fico discriminated against her based on her gender by, inter alia, screaming at her, speaking to her in a condescending fashion,

treating her more harshly than male employees, and terminating her employment without justification. Compl. ¶ 14. In July 2004, Fico terminated Sousa's employment. Id. ¶ 25.

Sousa filed charges of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC") in January 2005. The EEOC issued a right to sue notice in July 2005, and Sousa voluntarily withdrew her MCAD charge in August 2005. Sousa also filed a non-payment of wage complaint with the Office of the Massachusetts Attorney General, which gave her permission to proceed with a private right of action. In October 2005, Sousa filed a six-count complaint in New Hampshire state court, alleging violations of federal and Massachusetts anti-discrimination law, a Massachusetts statutory wage claim, and common law claims including breach of the implied duty of good faith and fair dealing, intentional infliction of emotional distress, and wrongful termination. Banknorth Insurance removed the action to this court.

## II.   TRANSFER OF VENUE

### A.   Standard of Review

Under 28 U.S.C. § 1404(a)[3], a district court has discretion to transfer a civil action to another federal district court "in which the action 'might have been brought.'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting 28 U.S.C. § 1404(a)). Transfer is only appropriate if it "is warranted by the convenience of parties and witnesses and promotes the interest of justice."  Id.

If a case might have been brought in the proposed transferee court, the transferor court has wide latitude in determining whether to transfer it.  Auto Europe, LLC v. Conn. Indem. Co., 321 F.3d 60, 64 (1st Cir. 2003) (district court's judgment as to transfer "entitled to considerable deference").  In evaluating whether the transfer "promotes the interest of justice," the transferor court should weigh a variety of relevant factors, including the convenience of parties; the convenience of witnesses; the availability of process to compel unwilling

---

[3]   Banknorth Insurance has not argued that venue in the District of New Hampshire is improper.  Thus, I need not address 28 U.S.C. § 1406(a), which applies where venue is improper in the transferor court.

witnesses; the cost of procuring willing witnesses; the ease with which evidence can be accessed; and any other "practical problems associated with trying the case most expeditiously and inexpensively."  Robbins Motor Transp. Inc. v. U.S. Sea Launch Ltd. P'ship, No. C-01-191-B, 2001 U.S. Dist. LEXIS 17259, at *7 (D.N.H. October 11, 2001); see also Adam v. Haw. Prop. Ins. Ass'n, No. 04-342-SM, 2005 U.S. Dist. LEXIS 4472, at *7 (D.N.H. March 21, 2005).  The convenience of witnesses is "'probably the most important factor.'" Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc., 56 F. Supp. 2d 134, 141 (D. Mass. 1999) (quoting Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)).

"[T]here is a strong presumption in favor of the plaintiff's choice of forum," Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2001), particularly where the plaintiff has chosen her home state as the forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981) (discussing forum non conveniens).  The burden is on the defendant seeking transfer to show that "the factors 'predominate' in favor of transfer."  Robbins, 2001 U.S. Dist. LEXIS 4472, at *8 (quoting Buckley v. McGraw-Mill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991)).

**B.     Analysis**

Banknorth Insurance argues that Sousa might have brought the action in the District of Massachusetts and that a transfer of venue promotes the convenience of parties and witnesses and the interest of justice.

Sousa has chosen to bring this action in her home state, and, as I have noted, there is a strong presumption that her choice of forum should not be disturbed.  Coady, 223 F.3d at 11. Banknorth Insurance's proffered reasons for seeking a transfer include the following:  (1) Massachusetts is a more convenient forum for the parties; (2) witnesses and evidence are located in Massachusetts; (3) it will be costly for Banknorth to produce willing witnesses; (4) process may not be available in New Hampshire to compel unwilling witnesses to appear; and (5) Massachusetts courts are better suited to apply Massachusetts law.  I conclude that these factors do not predominate in favor of a transfer to the District of Massachusetts.

The convenience of the parties does not weigh in favor of a transfer to the District of Massachusetts.  While it may be more convenient for Banknorth Insurance to litigate in Massachusetts,

-6-

Sousa lives in New Hampshire and it is more convenient for her to litigate here.

Ease of access to documents and other sources of proof does not weigh in favor of a transfer. Aside from the testimony of current and former Banknorth Insurance employees, the relevant evidence will probably consist of Sousa's employment records, which are unlikely to be so voluminous as to preclude reproduction and transport to New Hampshire.

The availability and convenience of witnesses is the most important factor in this balancing test. Fairview Mach. & Tool Co., 56 F. Supp. 2d at 141. Each of the parties has provided a list of potential witnesses; fifteen witnesses appear on both Sousa's list and Banknorth Insurance's list. Of these fifteen, six either live or work in New Hampshire or Maine. The remaining nine live and work in Massachusetts. See Ex. B to Def.'s Reply Br. The percentage of witnesses who would prefer to testify in Massachusetts is not so high, and the burden of traveling from Massachusetts to New Hampshire is not so great, as to weigh heavily in favor of a transfer to Massachusetts. Cf. Adam, 2005 U.S. Dist. LEXIS 4472 at *10 (convenience of witnesses favored transfer to Hawaii where the plaintiff and his family lived in

-7-

New Hampshire, but "[v]irtually all other material witnesses" resided in Hawaii).

Banknorth Insurance's concern that some of its witnesses will be outside this court's subpoena power is overstated. Many of the witnesses who live and work in Massachusetts are current Banknorth employees who are likely to comply with their employer's request to testify. In addition, many parts of Massachusetts are within 100 miles of Concord and therefore within this court's subpoena power. See Fed. R. Civ. P. 45(b)(2).

Finally, the potential need for me to apply Massachusetts law to some of Sousa's claims is insufficient to justify a transfer of venue. I acknowledge the "'local interest in having localized controversies decided at home'" as well as the benefits of having a trial "'in a forum that is at home with the state law that must govern the case.'" Adam, 2005 U.S. Dist. LEXIS 4472 at *8 (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 508-9 (1947)). Nonetheless, this is not a case that is singularly suited to adjudication in Massachusetts. I will apply federal law to Sousa's Title VII claims, and courts in New Hampshire are

-8-

familiar with Massachusetts law. See Milford Lumber Co. v. RCB Realty, 147 N.H. 15, 17 (2001) (looking to Massachusetts law for guidance in interpreting a New Hampshire statute). In addition, although some of the allegedly actionable conduct occurred in Massachusetts, Sousa is a New Hampshire resident who claims to have worked from her home. Therefore this controversy is not localized in Massachusetts.

### III. MOTION TO DISMISS

Banknorth Insurance next argues that count III of Sousa's complaint should be dismissed because she has failed to state an actionable claim for breach of the implied duty of good faith and fair dealing.[4]

### A. Standard of Review

"A district court may grant a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted only if 'it clearly appears, according to the facts alleged, that the

---

[4] Sousa concedes that counts IV (intentional infliction of emotional distress) and V (wrongful termination) may be dismissed. Accordingly, I dismiss those counts without additional analysis. See Jacobson v. City of Nashua, No. 01-165-B, 2002 U.S. Dist. LEXIS 11443, at *2 n.3 (D.N.H. June 19, 2002).

plaintiff cannot recover on any viable theory.'"  Nathan P. v. W. Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).  My "task is not to decide whether the plaintiff ultimately will prevail but, rather, whether [s]he is entitled to undertake discovery in furtherance of the pleaded claim."  Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  In considering a motion to dismiss, I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).

**B.   Analysis**

The parties agree that I should apply Massachusetts law to Sousa's claim for breach of the implied duty of good faith and fair dealing.  See Pl.'s Obj. to Mot. to Dismiss at 2.  Under Massachusetts law, "employers . . . have been held liable for breach of the implied covenant of good faith and fair dealing only in circumstances when an at-will employee has been

-10-

terminated in bad faith."[5]  Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005), cert. den., 126 S. Ct. 397 (2005). The seminal case on the topic is Fortune v. Nat'l Cash Register Co., 373 Mass. 96, 102 (1977), in which the Massachusetts Supreme Judicial Court held "that an employer is accountable to a discharged employee for unpaid compensation if the employee were terminated in bad faith and the compensation is clearly connected to work already performed."  Harrison v. NetCentric Corp., 433 Mass. 465, 473 (2001).  "To prevail under the Fortune doctrine, a plaintiff must demonstrate that the employer terminated the plaintiff for the purposes of depriving the employee of money that he fairly earned and legitimately expected."  Sands v. Ridefilm Corp., 212 F.3d 657, 662-63 (1st Cir. 2000) (quotation omitted).[6]

Sousa has not alleged that Banknorth Insurance terminated

---

[5] Sousa has not alleged that her employment was anything other than at-will.

[6] Sousa cites several Massachusetts decisions for the proposition that the implied covenant of good faith and fair dealing prohibits a wider range of conduct by employers.  None of these decisions calls into question the First Circuit's explication of the Fortune doctrine in Sands because none deals with an at-will employment relationship.

her employment in order to deprive her of compensation she had already earned. Accordingly, her claim for breach of the implied duty of good faith and fair dealing must be dismissed.

## IV. CONCLUSION

For the reasons described above, Banknorth Insurance's motion for transfer of venue is denied. Banknorth Insurance's motion to dismiss count III is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 20, 2006

cc: Peter Callaghan, Esq.
    William Hannum, III, Esq.
    G. Michael Palladino, Esq.
    Dyana Tull, Esq.