UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

KATHLEEN A. SOUSA, )
 )
      Plaintiff, )
 )
v. )
 ) Civil Case No. 1:05-CV-421-PB
TD BANKNORTH INSURANCE )
AGENCY, INC. )
 )
      Defendants. )

## STIPULATION AND JOINT REQUEST OF THE PARTIES
## FOR CONFIDENTIALITY AND PROTECTIVE ORDER

The parties to this action may seek, if necessary, the discovery of documents that contain proprietary business information and other confidential information (hereinafter collectively referred to as the "Confidential Information"). The Confidential Information may be confidential and/or privileged information. The parties therefore stipulate to and request that the Court order that, during the course of this action, if a party produces documents and/or information which the party contends is Confidential Information, the parties are bound by the terms and conditions set forth in this Stipulation and Joint Request of the Parties for Confidentiality and Protective Order (the "Protective Order") with respect to such documents and/or information. Accordingly, pursuant to Fed. R. Civ. 26 and the parties' consent, IT IS HEREBY ORDERED THAT:

1. The producing party will designate as "Confidential" such documents and information which the producing party believes in good faith constitute, contain or reflect Confidential Information. Designation of materials as "Confidential" shall be kept to the minimum necessary.

2. For the purposes of the Protective Order, "Confidential Materials" shall include the documents and information designated as "Confidential Information" pursuant to Paragraph One and/or any copies, portions, summaries, analyses or excerpts of such documents or information.

3. Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

   (a) attorneys and secretarial and paralegal personnel of the law firms of Schwartz Hannum PC and Preti Flaherty Beliveau & Pachios PLLP;

   (b) Plaintiff;

   (c) Defendant and those of Defendant's current and former employees required to assist Defendant in the defense of this action;

   (d) outside experts, subject to the provisions of Paragraph Four;

   (e) the Court and court employees, and court reporters and stenographic reporters who provide services relating to this action; and

   (f) any other person whom the producing party agrees to in writing or as the Court may direct.

4. The parties' counsel may, to the extent necessary for the prosecution or defense of this action, in good faith, make Confidential Materials available to testifying expert witnesses,

provided however, that, prior to delivering Confidential Materials to a testifying expert witness, counsel shall:

    (a)    notify the producing party at the time of expert disclosures that Confidential Materials have been made available to a testifying expert witness, and provide the name(s), occupation(s), and address(es) of any such person(s);

    (b)    require the testifying expert to sign and date an assurance in the following form:

> I hereby acknowledge that I am to receive information and/or documents designated as Confidential Materials pursuant to the terms of the Protective Order dated _____, 2006, in the case of <u>Kathleen Sousa v. TD Banknorth Insurance Agency, Inc.</u>, United States District Court for the District of New Hampshire, Civil Case No. 1:05-CV-421. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.
>
> I further agree that any Confidential Materials in my custody will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Protective Order. I further understand and agree that any summaries or other documents containing knowledge or information obtained from Confidential Materials furnished to me shall also be treated by me as Confidential Materials, in accordance with the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order. I also agree to dispose of all Confidential Materials in such manner as I may be instructed after completing my services.

and

    (c)    provide the producing party's counsel with a copy of the written assurance(s) executed in accordance with Paragraph Four (b) above.

    5.    The parties' counsel may, to the extent necessary for the prosecution or defense of this action, in good faith, make Confidential Materials available to consulting-only experts, provided however, that, prior to delivering Confidential Materials to a consulting-only expert, counsel shall:

(a) notify the producing party that Confidential Materials will be made available to a consulting-only expert;

(b) require the consulting-only expert to sign and date an assurance in the following form:

> I hereby acknowledge that I am to receive information and/or documents designated as Confidential Materials pursuant to the terms of the Protective Order dated _____, 2006, in the case of <u>Kathleen Sousa v. TD Banknorth Insurance Agency, Inc.</u>, United States District Court for the District of New Hampshire, Civil Case No. 1:05-CV-421. I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.
>
> I further agree that any Confidential Materials in my custody will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Protective Order. I further understand and agree that any summaries or other documents containing knowledge or information obtained from Confidential Materials furnished to me shall also be treated by me as Confidential Materials, in accordance with the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order. I also agree to dispose of all Confidential Materials in such manner as I may be instructed after completing my services.

and

(c) provide the producing party's counsel with a copy of the written assurance(s) executed in accordance with Paragraph Five (b) above upon termination of this action.

6. To the extent that Confidential Materials or documents which reveal the contents of Confidential Materials are filed prior to trial in this Court, or the substance thereof is revealed in papers filed in this Court or in the transcript of this Court's hearings or other proceedings, such materials, papers and/or transcripts shall be segregated and prominently marked in accordance with Paragraph One hereof as being subject to the terms of this Order; and the same

shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the District of New Hampshire in the above-captioned action. This envelope shall not be opened or unsealed other than by this Court or an employee of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action.

7. The parties may use Confidential Materials or information contained in such materials in connection with any trial or hearing in this matter, provided that counsel for such party provides opposing counsel with reasonable notice of the intended use so that the producing party may seek a protective order, impoundment order, or other protective measures to prevent or restrict disclosure. Should the producing party seek such protective order, impoundment order, or other protective measures, no disclosure shall be made pending resolution of the issue by the Court or by the agreement of the parties.

8. Every person receiving Confidential Materials pursuant to this Order shall use the same solely for purposes of this action, and shall not use, sell, offer to sell, make available, communicate or give the same or its substance in whole or in part to any other person, firm or organization, except in accordance with this Order.

9. Receipt of documents, information or other materials designated as Confidential Materials pursuant to this Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable, and the parties' counsel shall not be obliged to challenge the propriety of any confidentiality designation. Failure to do so shall not preclude a

subsequent challenge to the propriety of such designation. Until and unless the parties may agree or the Court may finally determine that such documents, information or materials are <u>not</u> properly designated as Confidential Materials pursuant hereto, however, the same shall continue to be treated as Confidential Materials in accordance with the terms of this Order.

10. In the event that the Court is required to rule on a claim of confidentiality, the particular documents or things that have been designated confidential shall be submitted to the Court for <u>in camera</u> inspection.

11. By making information and documents designated as Confidential Materials available for use in this action, the producing party has not waived or compromised the confidentiality, admissibility or protectability of the same.

12. Upon termination of this action, all documents, information and materials designated or treated as Confidential Materials pursuant to this Order shall promptly be returned to counsel for the producing party, or disposed of pursuant to further order of the Court, except that counsel shall be entitled to retain under seal the documents, information and materials designated or treated as Confidential Materials for a period of three (3) years. Upon the expiration of the three (3)-year period, counsel agree to destroy all documents, information and materials designated or treated as Confidential Materials.

13. Nothing in this Protective Order shall be construed to prohibit a party from producing documents, material, or information designated as "Confidential" in its possession pursuant to a subpoena or other legal process <u>provided that</u>, the party in possession of such documents, material, or information, if subpoenaed, shall give notice of such subpoena (unless prohibited by law from doing so) to the originally producing party as soon as possible, and, in

any event within five (5) days after receiving such subpoena. Unless such notice is prohibited by law, the subpoenaed party shall not produce any of the producing party's "Confidential" documents, material, or information for a period of at least five (5) days after providing the required notice to the producing party. If within five (5) days of receiving such notice, the producing party opposes production of its "Confidential" documents, material, or information pursuant to the subpoena, the subpoenaed party shall reasonably cooperate with the producing party in seeking to quash such subpoena and shall not thereafter produce such documents, material, or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena. A party shall not be required to give notice of any subpoena where such provision of notice is prohibited by law.

14. This Order may be amended by the agreement of counsel for the parties in the form of an Order that shall be filed and entered by the Court in this case. Nothing herein shall preclude any party to this action from moving to vacate or modify this Order or any provision thereof.

15. Any person to whom Confidential Materials are disclosed shall be subject to the jurisdiction of this Court for purposes of determining, assuring and adjudging compliance with this Order and this jurisdiction shall survive the termination and/or resolution of this action.

| FOR THE PLAINTIFF, | FOR THE DEFENDANT, |
|---|---|
| /s/ Peter G. Callaghan | /s/ Dyana Tull |
| Peter G. Callaghan | Dyana Tull |
| N.H. Bar No. 6811 | N.H. Bar No. 9973 |
| PRETI FLAHERTY BELIVEAU & PACHIOS PLLP | William E. Hannum III (admitted *pro hac vice*) |
| 57 North Main Street | Kelli E. Welch (admitted *pro hac vice*) |
| P.O. Box 1318 | SCHWARTZ HANNUM PC |
| Concord, NH 03302-1318 | 11 Chestnut Street |
| (603) 410-1500 | Andover, MA 01810 |
| pcallaghan@preti.com | (978) 623-0900 |
| | dtull@shpclaw.com |

Dated: October 31, 2006

**SO ORDERED:**

_Paul J. Barbadoro_
U. S. District Judge
Dated: _November 1_, 2006

89195_1